**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ricardo RUZ–SALAZAR,
Defendant-Appellant.**

**No. 84–5532.**

United States Court of Appeals,
Eleventh Circuit.

July 9, 1985.

Stephen A. Rosen, P.A., Paul Morris, Miami, Fla., for Ruz-Salazar.

Stanley Marcus, U.S. Atty., William Scruggs, Linda Collins-Hertz, Jon May, Asst. U.S. Attys., Miami, Fla., for the U.S.

Before HENDERSON and CLARK, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This is an appeal from a conviction of appellant of one count of conspiracy to possess marijuana with intent to distribute and one count of possession of marijuana with intent to distribute. He was arrested with three other men by Customs agents off the coast of Florida. Co-defendant Torres was tried with Ruz-Salazar and found guilty, but his appeal has been dismissed for want of prosecution. The other two co-defendants failed to appear for trial.

## I. STATEMENT OF THE CASE

Evidence admitted at the trial would have warranted the jury finding the following facts: Customs patrol officers off the coast of Florida at 3:30 a.m. on December 23, 1983, saw another vessel running without navigational lights pass them twice. One officer intermittently flashed his flashlight in the direction of the vessel, and the vessel eventually pulled alongside the Customs vessel. When Torres, the operator of the vessel, realized he had approached a Customs vessel, he attempted to flee, but ran aground after traveling about 50 feet.

The four co-defendants were aboard the vessel. At the stern of the vessel were three or four large burlap-wrapped bundles of marijuana. When an officer went aboard the vessel, he detected the odor of

marijuana. There was in excess of 4,000 pounds of marijuana.

## II. ISSUES

The issues for decision by this Court are as follows:

1. Is the evidence sufficient to support the conviction?

2. Did the prosecutor violate appellant's right to remain silent by commenting on his post-*Miranda* silence and, if so, was the error harmless?

3. Did the district court abuse its discretion in denying a motion for mistrial based on testimony concerning possible illegal activity in the area of arrest?

## III. DISCUSSION

### A. *Sufficiency of the Evidence*

Appellant contends that the evidence is insufficient to support his conviction. The standard is whether, viewing the evidence in the light most favorable to the government, a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. *United States v. Bell*, 678 F.2d 547, 549 (5th Cir., Unit B, 1982), affirmed, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983).

Appellant contends that the evidence shows only his presence aboard a boat laden with marijuana. It does not show that he exercised any control over the boat or its contents. He relies on *United States v. Willis*, 639 F.2d 1335 (5th Cir., Unit A, 1981) (evidence insufficient to convict crew members on board vessel when marijuana was in closed hold and no odor of marijuana was detected outside the hold) and *United States v. MacPherson*, 664 F.2d 69 (5th Cir., Unit B, 1981) (evidence insufficient to support conviction of crew members when no connection between crew members and vessel owners shown, vessel was on short voyage, marijuana was in hatch, and there was no odor of marijuana elsewhere in the boat).

■ This is not a "mere presence" case. Appellant was present with three other persons aboard a relatively small vessel with over 4,000 pounds of marijuana in plain view. The vessel was running without lights on a dark night and attempted to flee at high speed. The odor of marijuana could be detected on the deck.

The facts of the odor of marijuana, it being in plain view, and the boat running without lights in a dark night distinguish this case from *Willis* and *MacPherson*, *supra*. From this evidence, the jury could reasonably infer all the essential facts necessary to find Ruz-Salazar guilty beyond a reasonable doubt. *United States v. Villegas-Rojas*, 715 F.2d 564 (11th Cir.1983), cert. denied, —— U.S. ——, 104 S.Ct. 1605, 80 L.Ed.2d 135 (1984) (evidence sufficient when defendant on comparatively small boat heavily laden with marijuana and vessel attempted to flee) and *United States v. Curra-Barona*, 706 F.2d 1089 (11th Cir. 1983), cert. denied, —— U.S. ——, 104 S.Ct. 1296, 79 L.Ed.2d 696 (1984) (evidence sufficient when defendants on small boat on three-day voyage with 10,000 pounds of marijuana and bales of marijuana visible through open cabin doors).

### B. *Comment on Defendant's Silence*

■ After the four co-defendants had been arrested and given their *Miranda* warnings, defendant Torres made an incriminating statement to the officers, indicating that the reason he had approached the Customs vessel is that he thought the light was coming from "his friends." At trial, the prosecutor asked the Customs officer whether any of the defendants had made any statements. Ruz-Salazar moved for a mistrial on the ground that an unlawful inference would arise that he had remained silent in the face of *Miranda* warnings. At a sidebar conference, the prosecutor indicated that he asked the question in this form only to avoid leading the witness and that he certainly would not ask a question such as "Did the defendant, Ruz-Salazar make any statements?" Nevertheless, after the officer described the statement made by Torres, the following exchange occurred:

Prosecutor: Did anyone else make any statements while aboard the vessel?

Officer: No.

Ruz-Salazar contends that this constituted an unconstitutional comment on his right to remain silent and mandates the reversal of his conviction.

The courts have made it clear that it is impermissible to use a defendant's post-*Miranda* silence for impeachment or for substantive evidence of guilt. *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Chapman v. United States*, 547 F.2d 1240 (5th Cir.), *cert. denied*, 431 U.S. 908, 97 S.Ct. 1705, 52 L.Ed.2d 393 (1977). This principle has been known for nearly 10 years. In light of the sidebar conference and the prosecuting attorney's response to the trial judge, his conduct in asking this question was inexcusable and is a clear violation of the *Doyle* rule.

Nevertheless, this constitutional violation is, like others, subject to application of the harmless error rule. As this Court has said: "*Chapman* attempted to harmonize Fifth Circuit case law concerning *Doyle* violations and the harmless error test by establishing three categories of cases." *Alderman v. Austin*, 695 F.2d 124, 125 (5th Cir., Unit B, 1983). The three categories of cases in *Chapman* all dealt with testimony relating to a defendant's silence in cases in which he had made an exculpatory defense. They are:

When the prosecution uses defendant's post-arrest silence to impeach an exculpatory story offered by defendant at trial and the prosecution directly links the implausibility of the exculpatory story to the defendant's ostensibly inconsistent act of remaining silent, reversible error results even if the story is transparently frivolous....

When the prosecutor does not directly tie the fact of defendant's silence to his exculpatory story, *i.e.*, when the prosecutor elicits that fact on direct examination and refrains from commenting on it or adverting to it again, and the jury is never told that such silence can be used for impeachment purposes,

reversible error results if the exculpatory story is not totally implausible or the indicia of guilt not overwhelming....

When there is but a single reference at trial to the fact of defendant's silence, the reference is neither repeated nor linked with defendant's exculpatory story, and the exculpatory story is transparently frivolous and evidence of guilt is otherwise overwhelming, the reference to defendant's silence constitutes harmless error.

*Chapman*, 547 F.2d at 1249–50. These categories are not strictly applicable here. In such a situation, we are informed by *Alderman*, 695 F.2d at 125–26, in which this Court en banc gave the following guidance:

Subsequent Fifth Circuit cases recognized, however, that "many cases lie somewhere in between the categories discussed in *Chapman*." *United States v. Shavers*, 615 F.2d 266, 270 (5th Cir.1980). *See also Sullivan v. Alabama*, 666 F.2d 478, 485 (11th Cir.1982). The in-between cases involve the situation where the "exculpatory story told at trial is not 'totally implausible' yet the indicia of ... guilt are substantial." *United States v. Dixon*, 593 F.2d 626, 629 (5th Cir.), *cert. denied*, 444 U.S. 861, 100 S.Ct. 126, 62 L.Ed.2d 82 (1979); *accord, United States v. Ylda*, 643 F.2d 343, 350 (5th Cir.1981).

The district court believed that this case fell within the second category of cases described by *Chapman*. However, we believe that the evidence of Alderman's guilt was substantial. The *Chapman* rules do not dispose of this case, therefore, because it is in between the categories *Chapman* described.

Having reached that conclusion, we must determine the effect of the error under the case-by-case methodology required by *United States v. Davis*, 546 F.2d 583, 594–95 & n. 31 (5th Cir.), *cert. denied*, 431 U.S. 906, 97 S.Ct. 1701, 52 L.Ed.2d 391 (1977). "The decision requires an examination of the facts, the

trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of defendant's guilt." *United States v. Meneses-Davila,* 580 F.2d 888, 890 (5th Cir.1978).

In the first place, we note that there was but a single reference at trial to the fact of defendant's silence and it was not "linked with defendant's exculpatory story." Second, in light of the slight quantum of evidence that is necessary in a drug conspiracy allegation resulting from the arrest of persons on a boat carrying marijuana, the government in this case carried this burden overwhelmingly. In fact, there was no dispute as to any of the relevant facts needed to make out a case sufficient to go to the jury. We conclude that this constitutional error was harmless beyond a reasonable doubt.

## C. *Denial of Motion for Mistrial*

When the prosecutor asked the Customs officer why he was in that particular location at that time of morning, the officer responded that he "had information that there was going to be some illicit activity in that area." Appellant objects that this evidence could lead to an inference that he was involved in another illicit activity that was part of an organization or scheme. Prior to trial, defense counsel had sought an order *in limine* to prevent the government from establishing that the officers were there on an unrelated drug seizure, and the prosecutor had represented that he would not seek to introduce such evidence.

 It seems to us that the appellant's concern about this remark is somewhat far-fetched in that nothing in the remark linked appellant with any uncharged criminal activity. Furthermore, the district court instructed the jury to disregard the officer's answer. The general rule in this Circuit is that "evidence withdrawn from the jury with a direction by the court that it be disregarded may not be the basis of reversible error." *United States v. Pirolli,* 742 F.2d 1382, 1387 (11th Cir.1984). It is only when "there is a significant possibility that [the words] had a substantial impact on the jury's verdict," *United States*

*v. Warf,* 529 F.2d 1170, 1175 (5th Cir.1976), that a reversal is appropriate for such an improper statement by a witness. *United States v. Klein,* 546 F.2d 1259 (5th Cir. 1977).

The judgment is AFFIRMED.