[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16179
Non-Argument Calendar

_____

D.C. Docket No. 5:11-cr-00016-RS-LB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONTERREAL D. GAINER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 20, 2012)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Ronterreal Gainer appeals his convictions for possessing with intent to

distribute crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C), possessing a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), and possessing a firearm and ammunition as a convicted felon and an armed career criminal, id. §§ 922(g)(1), 924(e).  Gainer argues that the admission of testimony about whether he remained silent violated his right of due process and entitles him to a new trial under Doyle v. Ohio, 426 U.S. 610, 96 S. Ct. 2240 (1976).   Because we hold that the error was harmless, we affirm.

In July 2010, an officer discovered Gainer unconscious in the driver's seat of a Pontiac Bonneville vehicle, which was left idling in the parking lot of a Walmart store.  Gainer was holding a plastic bag containing a substance that appeared to be marijuana, and he retrieved from his pants pockets "two [additional] bags of marijuana and a lot of cash."  Inside the vehicle, the officer saw lying on the passenger seat a gun partially covered by a paper bag.  The gun contained a fully-loaded ammunition magazine and a bullet in the chamber.  The officer also discovered in the center console of the vehicle a plastic bag containing rocks of crack cocaine and a "cookie" of crack cocaine that could be broken into pieces to sell.  Gainer was indicted for possessing cocaine and firearms illegally.

Several months later, an investigator of the Panama City Police Department detained Gainer when he attempted to drive the same Pontiac vehicle away from a

residence where officers were executing a search warrant.  The investigator

learned of Gainer's indictment and arrested him.  Later, William Langley, an agent

of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, interviewed Gainer.

At trial, Langley testified that Gainer waived his right to remain silent and

agreed to speak to Langley.  Gainer said that his girlfriend, Tameka Smith, owned

the Pontiac vehicle and allowed him to "drive it all the time."  When Langley

testified that he "asked [Gainer] if he wanted to talk" about his arrest for the

earlier drug and firearm offenses, Gainer objected that Langley was about "to

make a comment about asking for an attorney."  The prosecutor stated that she had

"prepped" Langley not to mention whether Gainer had invoked his right to

counsel, and the district court did not rule on Gainer's objection.  The prosecutor

asked Langley to repeat Gainer's response when asked to discuss his arrest, and

Langley testified that Gainer did not want to talk about his criminal charges:

> [PROSECUTOR]: And when you asked Mr. Gainer if he wanted to
> speak with you about the events — the arrest that occurred in 2010,
> what did he say?
>
> [LANGLEY]: He said he did not.

Gainer objected to Langley's statement as constituting "an improper

comment regarding [Gainer's] right to remain silent."  Gainer requested that the

district court strike Langley's testimony and order the jury to disregard the

3

testimony.  The district court overruled the objection.

The government argues that Langley's brief testimony is equivalent to a remark this Court deemed unobjectionable in United States v. Stubbs, 944 F.2d 828, 834–35 (11th Cir. 1991), but that precedent is distinguishable.  In Stubbs, the prosecutor asked Stubbs's cellmate "what happened after [she] talked to [a federal agent]," and the cellmate testified that the agent had tried to "talk[] to [the defendant] . . . [but] '[s]he [would not] say anything.'"  944 F.2d at 834.  This Court held that the cellmate's nonresponsive answer did not violate the rule in Doyle not to use for impeachment purposes the fact of a defendant's silence because "[t]he prosecution made no 'specific inquiry or argument' about [the] defendant's postarrest silence."  Id. at 835.

This appeal instead is akin to United States v. Ruz-Salazar, 764 F.2d 1433, 1435–37 (11th Cir. 1985), and United States v. Gonzalez, 921 F.2d 1530, 1549–50 (11th Cir. 1991), where we held that, when a prosecutor had elicited testimony that a defendant had invoked his right to silence, the error was harmless.  In Ruz-Salazar, the prosecutor ignored a warning that his question could violate the rule in Doyle and elicited testimony from a customs officer that the defendant had declined to provide a statement after being advised of his right to remain silent.  764 F.2d at 1435–36.  We held that the error was harmless because "there was but

a single reference at trial to the fact of defendant's silence" and the evidence of his guilt was overwhelming. Id. at 1437. Likewise, in Gonzalez, a Doyle error occurred when the prosecutor elicited from an investigator that, after advising Gonzalez of his right to remain silent, Gonzalez had "answer[ed] some questions relating to his identity, citizenship and ownership of property," but had refused "to answer any questions regarding the criminal charges against him." 921 F.2d at 1549. The Court in Gonzalez held that the error was harmless because it "accounted for one sentence" during an eight-day trial; "[t]he prosecutor did not focus on, nor emphasize [the] response"; "there [was] no further mention of [the defendant's] silence"; the trial court instructed the jury to disregard the remark; and the evidence was "strong" regarding the defendant's guilt. Id. at 1549–50.

"A Doyle violation is harmless if the error had no 'substantial and injurious effect or influence in determining the jury's verdict.'" United States v. Miller, 255 F.3d 1282, 1285 (11th Cir. 2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S. Ct. 1710 (1993)). And we have repeatedly held harmless a single comment on a defendant's silence "if it occurs during a trial at which the government's evidence was otherwise overwhelming." Id. at 1285–86 (citing United States v. Gabay, 923 F.2d 1536, 1541 (11th Cir. 1991), Ruz–Salazar, 764 F.2d at 1437, and Sullivan v. Alabama, 666 F.2d 478, 485 (11th Cir. 1982)). The

5

error is "especially [harmless] [when] the prosecutor makes no further attempt to 'highlight' the defendant's exercise of Miranda rights either in questioning other witnesses or during closing argument." Id. at 1286; see United States v. Espinosa-Cerpa, 630 F.2d 328, 335 (5th Cir. 1980).

Gainer was not substantially prejudiced by Langley's testimony. Langley made a single reference to Gainer's right of silence, and the prosecutor did not revisit that issue during Gainer's trial. The district court told the jury, both before the case commenced and in its final instructions, that Gainer "[had] the right to remain silent" and that the jury could not assign "any weight" or "consider . . . in any way" a defendant's decision "not to testify" because "[i]t is not evidence." Although Gainer argued that someone else placed the drugs and firearm in the vehicle, the evidence of his guilt was overwhelming. Gainer had in his possession marijuana, crack cocaine, and a large quantity of cash and had within his reach a loaded gun. We cannot say that Langley's single remark "was . . . so substantial as to taint the overall fairness of [Gainer's] trial." Gonzalez, 921 F.2d at 1551.

We **AFFIRM** Gainer's convictions.